# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3614

_____

United States of America

*Plaintiff - Appellee*

v.

Reymundo Martinez-Castillo, also known as El Gato

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 12, 2018
Filed: February 13, 2019
[Unpublished]

_____

Before BENTON, BEAM, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Following his jury conviction and sentence for distribution of five grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1), Reymundo Martinez-Castillo appeals the district court's[1] denial of his pretrial motion in limine concerning the admission of evidence of other crimes at trial. We affirm.

A jury convicted Martinez-Castillo of distribution of methamphetamine for selling methamphetamine to a confidential informant (CI) in Grand Island, Nebraska, on March 27, 2012. On that date, the CI had arranged to buy the drugs from another man but when the CI arrived at the agreed-upon location for the buy, it was Martinez-Castillo that met the CI and completed the transaction. These three men (the CI, Martinez-Castillo, and the CI's initial contact) engaged in additional transactions during this March 2012 time frame. The CI's initial contact was also arrested and charged with distribution crimes and testified at trial against Martinez-Castillo pursuant to a cooperation agreement.

Prior to trial, the government gave notice to Martinez-Castillo that it intended to introduce evidence of other crimes, wrongs or acts, pursuant to Federal Rule of Evidence 404, as a result of testimony from the CI's initial contact. This testimony was that Martinez-Castillo dealt methamphetamine for him on more than one occasion during the relevant time. Martinez-Castillo argued that the proposed evidence should be excluded, as it was extrinsic to the crime charged and was unduly prejudicial. The district court disagreed and allowed the evidence, noting:

> The evidence of preexisting and an ongoing relationship between [the testifying witness] and the defendant is obviously related to the charged offense and establishes necessary context for that offense. It explains how and why the defendant would have appeared to consummate that – the crime that – that has been charged and that has been arranged with [the testifying witness].

---

[1]The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska.

The court allowed the testimony, along with additional testimony regarding Martinez-Castillo's involvement in "two or three" buys and activities on dates surrounding the charged date, over Martinez-Castillo's objections at trial. The jury convicted Martinez-Castillo of the offense conduct. On appeal, Martinez-Castillo renews his argument that the evidence introduced by the government at trial regarding any transaction for methamphetamine sale other than that which occurred on March 27, 2012, was extrinsic to the crime charged and should have been analyzed under Rules 404(b) and 403 for its admissibility. Had the court conducted that analysis, claims Martinez-Castillo, it would have concluded that the information sought from the testifying witness was unduly prejudicial and should have been excluded.

We review the district court's evidentiary rulings for an abuse of discretion and find none here. Ferguson v. United States, 484 F.3d 1068, 1074 (8th Cir. 2007). District courts have "broad discretion in admitting such evidence and will be reversed only if such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Thomas, 760 F.3d 879, 883 (8th Cir. 2014) (quoting United States v. Katz, 445 F.3d 1023, 1029 (8th Cir. 2006)). As the district court recognized, Rule 404(b) does not exclude evidence of prior bad acts that are probative of the charged crime; it applies only to extrinsic, not intrinsic evidence. Id. "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred . . . [and] is admitted because the other crime evidence completes the story or provides a total picture of the charged crime." United States v. Young, 753 F.3d 757, 770 (8th Cir. 2014) (quoting United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006) (internal quotations omitted)). "Intrinsic evidence may help to fill the gaps in the jury's understanding of the crime charged." Id. Here, we agree with the district court that the evidence of Martinez-Castillo's limited, other involvement in drug distribution with the same parties around the time period of the charged conduct contributes to the narrative of the story and provides context where

the jury might otherwise have had a limited picture.  As the district court held, the testimony that Martinez-Castillo delivered drugs for the CI's initial contact "[m]aybe two or three times" provided an explanation as to why Martinez-Castillo consummated the transaction with the CI on March 27, 2012.  The district court did not err in admitting the challenged evidence over Martinez-Castillo's Rule 404(b) objections because the evidence provided intrinsic evidence of Martinez-Castillo's offense.

For the reasons stated herein, we affirm.

_____